**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 07 CR 843 |
| | ) | Judge Joan Lefkow |
| **DEMARQUIS WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MOTION FOR A BILL OF PARTICULARS

Now comes DEMARQUIS WILLIAMS, by his attorney, Ellen R, Domph and moves this Honorable Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments to the Constitution of the United States, for an order requiring the government to provide him with a Bill of Particulars. In support it is stated:

1. Count one of the Indictment in this case charges DEMARQUIS WILLIAMS and fourteen (14) co-defendants with, between the dates of 1998 and December 2007, knowingly and intentionally conspiring to possess with intent to distribute and to distribute, cocaine, cocaine base in the form of crack cocaine, heroin and marijuana in violation of 21 U.S.C. 841(a)(1).

2. The government has tendered to the defense thousands of recorded conversations and meetings and thousands of pages of written discovery.

3. After review of the discovery, counsel is unable to find evidence to suggest that DEMARQUIS WILLIAMS was part of the alleged conspiracy. Counsel has located some discovery relating to DEMARQUIS WILLIAMS' prior arrests and convictions for narcotics offenses. Moreover, the government has informed counsel that he is not on any recorded

1

conversations.

4. Consequently, DEMARQUIS WILLIAMS requests the Court enter an order requiring the government to identify:

a. The specific date that DEMARQUIS WILLIAMS knowingly became a member of the conspiracy with an intention to advance and further the conspiracy.

b. The specific evidence it possesses that DEMARQUIS WILLIAMS knowingly became a member of the conspiracy with an intention to advance and further the conspiracy.

c. The specific date(s) that DEMARQUIS WILLIAMS performed acts in furtherance of the charged conspiracy.

d. The specific act(s) that DEMARQUIS WILLIAMS allegedly performed in furtherance of the charged conspiracy.

5. By this motion, DEMARQUIS WILLIAMS is not seeking the government's theory of the case or evidentiary details to which he is not entitled. Rather, he is requesting a narrowly tailored bill of particulars, in light of the alleged nine-year conspiracy, and voluminous written and recorded discovery, that is necessary to the presentation of his defense and will limit surprise. More importantly, it will permit him to plead this case as a bar to double jeopardy.

6. Ordering a bill of particulars enables the defendant to prepare adequately; to minimize or avoid undue surprise at trial; and permits the defendant to plead successfully double jeopardy as a bar to later prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 80 (1927); *United States v. Kendall*, 665 F.2d 126, 134-35 (7th Cir. 1981), *cert. denied*, 455 U.S. 1021 (1982).

7. The trial court has broad discretion to grant a bill of particulars. *Kendall, supra.*

When exercising its discretion, a court should consider the complexity of the charged offense, the degree of discovery available to the defense, and the clarity of the indictment. *United States v. Horak*, 633 F. Supp. 190, 195 (N.D.Ill. 1986), *aff'd in part and vacated in part*, 833 F.2d 1235 (7th Cir. 1987). Rule 7(f) of the Federal Rules of Criminal Procedure is interpreted broadly to require that fair notice of the charges be given to the defendant. *See, e.g.*, *United States v. Tucker*, 262 F.Supp. 305, 307 (S.D.N.Y. 1966). Any doubt about whether a bill of particulars should be granted "must be resolved in favor of disclosure and the conflicting concerns [of the government and the defendant] must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F.Supp. 683, 696 (D.Del. 1971); *United States v. Thevis*, 474 F.Supp. 117, 124 (N.D.Ga. 1979), *aff'd*, 665 F.2d 616 (5th Cir.), *cert. denied*, 459 U.S. 825 (1982).

8. It is irrelevant that the particulars sought are evidentiary in nature, call for legal theory, or involve the naming of potential trial witnesses. *See, Thesis* at 123. Likewise, it is of no consequence that the defendant should know the facts demanded, for such a suggestion would undermine the presumption of innocence.

9. Moreover, it is unrelated to a bill of particulars that the defendant has been, or will be provided with substantial discovery. The government bears the responsibility of filing a bill of particulars when an indictment fails to notify adequately the defendant of the allegations at issue. *United States v. Roth*, 669 F.Supp. 1386, 1389 (N.D.Ill. 1987), *aff'd*, 860 F.2d 1382 (7th Cir. 1988); *United States v. Davidoff*, 845 F.2d 1151 (2nd Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572, 575 (2nd Cir. 1987).

WHEREFORE, DEMARQUIS WILLIAMS prays this Honorable Court enter an order

requiring the government to provide the particulars requested herein.

            Respectfully submitted,

            S/Ellen R. Domph

ELLEN R. DOMPH
53 W. Jackson Blvd. - Suite 1544
Chicago, IL. 60604
(312) 922-2525